JUDGE CASTEL

08 CV 7720

Brent E. Pelton, Esq.
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com

RECEIVED
SEP 03 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOCELYN BATT, Individually and on Behalf
OF All Other Persons Similarly Situated,

                            Plaintiffs,

   -against-

MANHATTAN PROFESSIONAL GROUP,
INC. THE TAX CLUB INC., TED JOHNSON,
MICHAEL SAVAGE, DANIEL PARKER and
JOHN DOES #1-10, Jointly and Severally

                            Defendants.
----------------------------------------------------------------X

ECF
2008 CV _____

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Demand for a Jury Trial**

## NATURE OF THE ACTION

1.    Plaintiff JOCELYN BATT ("Plaintiff") alleges, on behalf of herself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from defendants MANHATTAN PROFESSIONAL GROUP, INC. ("MPG"), THE TAX CLUB INC. (the "Tax Club") and, collectively with MPG, the "Corporate Defendants"), TED JOHNSON ("Johnson"), MICHAEL SAVAGE ("Savage"), DANIEL PARKER ("Parker") and John Does #1-10 (collectively, with the Corporate Defendants, Johnson, Savage and Parker, the "Defendants") for worked performed for which

they received no compensation at all; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) entitled to liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff further complains on behalf of herself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff JOCELYN BATT ("Batt" or "Plaintiff") was, at all relevant times, an adult individual, residing in East Elmhurst, New York.

7.      Upon information and belief, Defendant MPG is a New York corporation with

2

its principal place of business at 350 5th Avenue, 54th floor, New York, New York 10118, within the city, county and state of New York.

8. Upon information and belief, Defendant the Tax Club is a foreign corporation conducting business within the City, County and State of New York at 350 5th Avenue, 54th floor, New York, New York 10118.

9. Upon information and belief, Defendant Johnson is an officer, director and/or managing agent of the Corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

10. Upon information and belief, Defendant Savage is an officer, director and/or managing agent of the Corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

11. Upon information and belief, Defendant Parker is an officer, director and/or managing agent of the Corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

12. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

13. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since September 3, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

14. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least sixty (60) members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of

4

employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

16. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

17. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

5

    e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    g. whether Defendants should be enjoined from such violations of the FLSA in the future.

18.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

19.     Plaintiff sues on her own behalf, and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20.     Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since September 3, 2002 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law (the "Class").

21.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are in excess of sixty (60) members of the Class during the Class Period.

22.     The claims of Plaintiff are typical of the claims of the Class, and a class action

is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

23. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24. Plaintiff has committed herself to pursuing this action and she has retained competent counsel experienced in employment law and class action litigation.

25. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

26. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked including premium pay for hours worked in excess of forty hours per workweek;

7

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future; and

g. whether Defendants failed to pay Plaintiff and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split shift worked in a day.

## STATEMENT OF FACTS

27. At all relevant times, Defendants have been in the business of providing individual and small to mid-sized business tax and related services throughout the United States, with offices in New York, New York and in St George, Utah.

28. Upon information and belief, Defendants employ at least one hundred and fifty (150) employees at any one time in their tax and business services venture, a large portion of whom are misclassified as exempt employees under the Fair Labor Standards Act.

29. Plaintiff was employed in a position where she provided payroll, bookkeeping, data entry and human resources services for Defendants from on or about December 2006 through May 21, 2008 (the "time period"). Throughout the time period, Plaintiff was paid a salary of approximately $48,500.00 per year, based on a forty-hour work week. Plaintiff was frequently required to work well in excess of forty (40) hours per week, frequently working for Defendants at least sixty (60) hours per week, yet Defendants' failed to pay Plaintiff overtime compensation for hours worked in excess of forty hours per week or an additional hour of pay for: (i) each hour worked in excess of ten hours in one day; or (ii) an additional hour of pay for

each split shift worked in a day.

30.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

31.     The work performed by Plaintiff required little skill and no capital investment.

32.     Plaintiff did not supervise other employees and her job duties did not include managerial responsibilities or the exercise of independent business judgment.

33.     Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff's compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times her regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

34.     In addition to the Plaintiff, during the time period Defendants usually employed at least one-hundred and fifty (150) other employees simultaneously.

35.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment providing tax preparation and other related business services.

36.     Such individuals have worked in excess of 40 hours a week providing billing, bookkeeping, data entry, payroll and other related services, yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

37.     As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

38.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants routinely required Plaintiff and the Collective Action Members/the Class to work long days and weekends such that she was required to work well in excess of forty (40) hours per week.

39.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

40.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

43.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

44.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C.

10

§216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

45.     At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

46.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

3.     Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action members, are entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

## NEW YORK LABOR LAW

49. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

50. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

52. The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

4. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, an additional hour of pay for each hour worked in excess of ten hours in one day, an additional hour of pay for each split shift worked in a day, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al. Plaintiff seeks liquidated damages, pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

## PRAYER FOR RELIEF

12

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of wages and uniform maintenance costs and unpaid minimum wages, wages for all hours worked and overtime compensation due under the FLSA and the New York Labor Law;

13

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h. An award of damages arising out of the non-payment of wages;

i. An award of prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
September 3, 2008

PELTON SERPE LLP

By: _____
Brent E. Pelton (BP 1055)

Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, 9th Floor
New York, New York 10006
Telephone: (212) 725-3600
Facsimile: (212) 385-4600

August 26, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _The TaxClub_ and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Jocelyn Batt_   8/26/08
Signature    Date

_Jocelyn Batt_
Printed Name